# UNITED STATES BANKRUPTCY COURT
Eastern District of Michigan
211 West Fort Street
Detroit, MI 48226

Case No.: 18–47981–lsg
Chapter: 13

In Re: (NAME OF DEBTOR(S))
   Jason Lee Cruz
   3813 Cheyenne Dr., Lot 208
   Burtchville Twp., MI 48059

Social Security No.:
   xxx–xx–9752

Employer's Tax I.D. No.:

## ORDER DISCHARGING DEBTOR AFTER COMPLETION OF CHAPTER 13 PLAN

*IT IS ORDERED THAT: A discharge under 11 U.S.C. § 1328(a) is granted to:*

   *Jason Lee Cruz*

*The court finds that:*

1. The plan has been confirmed;
2. All allowed claims have been paid in accordance with the plan; and
3. With respect to any secured claim which continues beyond the term of the plan, any pre–petition or post–petition defaults have been cured;

*The court directs that:*

1. Any creditor who held a secured claim that was fully paid must execute and deliver to the debtor a release, termination statement, discharge of mortgage or other appropriate certificate suitable for recording; and
2. Any creditor who holds a secured claim that continues beyond the term of the plan must take no action inconsistent with the above findings.

Dated: 7/12/22

                                                               BY THE COURT

                                                               ____/s/ Lisa S. Gretchko____
                                                               United States Bankruptcy Judge

*Explanation of Bankruptcy Discharge in a Chapter 13 Case*
This order does not close or dismiss the case.

*Creditors cannot collect discharged debts*
This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11.U.S.C. § 524(f).

*Most debts are discharged*
Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

*Some debts are not discharged*
Examples of debts that are not discharged are:

- debts that are domestic support obligations;
- debts for most student loans;
- debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)(C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;
- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for restitution, or a criminal fine, included in a sentence on debtor's criminal conviction;
- some debts which the debtors did not properly list;
- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;
- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;
- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and
- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**